UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WONDIYRAD KABEDE, | No. 2:15-cv-1203 AC P |
| Plaintiff, | |
| v. | ORDER |
| DIRECTOR'S LEVEL CHIEF OF INMATE APPEALS, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and appointment of counsel. Plaintiff has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). ECF Nos. 3, 6.

I.      Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments

of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original)

////

(quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

III.   Complaint

    A.   Failure to State a Claim

Plaintiff appears to allege that he was falsely charged with a disciplinary violation and that this violation resulted in the parole board denying his petition to advance his parole hearing. ECF No. 1 at 2. He also seems to allege that there was some defect in the appeals process and that the parole board may have been involved with the false disciplinary violation being issued. Id. at 2-3. Plaintiff references a failure to follow the rules, but does not identify what rules were not followed or how that violated his rights. Id. After reviewing the complaint, it is unclear what constitutional violations plaintiff is alleging and who he is alleging committed the violations. It also appears that plaintiff may be attempting to bring a habeas petition instead of or in addition to a civil rights complaint. For these reasons, the court finds the allegations in plaintiff's complaint so vague that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. Moreover, because of these ambiguities, the court is also unable to determine whether venue is proper in this district.

The court has determined that the complaint does not contain a short and plain statement as required by Federal Rule of Civil Procedure 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint "must 'give[ ]fair notice and state[ ] the elements of the

3

claim plainly and succinctly.'" Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984) (alteration in original) (quoting 2A J. Moore & J. Lucas, Moore's Federal Practice ¶ 8.13 (2d ed. 1983)). "[P]laintiff must 'allege with at least some degree of particularity overt acts which defendants engaged in' that support [his] claim." Id. (quoting Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir. 1977)). Because plaintiff has failed to comply with the requirements of Federal Rule of Civil Procedure 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

In amending the complaint, plaintiff should keep the following legal standards in mind. To the extent he is attempting to bring a claim related to deficiencies in the processing of his grievance, "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure.")). Accordingly, the prison grievance procedure does not confer any substantive constitutional rights upon inmates and actions in reviewing and denying inmate appeals generally do not serve as a basis for liability under section 1983. Id. Put another way, prison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner. The Seventh Circuit has observed that

> [o]nly persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not.

George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) (internal citations omitted). However, because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, an individual who denies an inmate appeal and who had the authority and opportunity to prevent an ongoing constitutional violation could potentially be subject to liability if the individual knew about an existing or impending violation and failed to prevent it. Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006).

////

Since plaintiff seeks to have the rules violation report overturned as part of his requested relief (ECF No. 1 at 3) it appears that he may be attempting to challenge the allegedly false rules violation. Since the documentation provided by plaintiff shows that the rules violation did not result in a loss of good time credits (id. at 14), it does not appear that plaintiff's claims will be barred by Heck v. Humphrey, 512 U.S. 477 (1994). Ramirez, 334 F.3d at 858 ("[T]he favorable termination rule does not apply to § 1983 suits challenging a disciplinary hearing or administrative sanction that does not affect the overall length of the prisoner's confinement.")). However, prisoners do not have a right to be free from false accusations of misconduct, so the mere falsification of a report does not give rise to a claim under § 1983. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) ("Sprouse's claims based on the falsity of the charges and the impropriety of Babcock's involvement in the grievance procedure, standing alone, do not state constitutional claims."); Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest."); Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984) ("[A]n allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections . . . are provided."). If plaintiff is attempting to challenge the rules violation, he will have to show that it violated his constitutional rights in some way other than being false: for example, the officer issued the false report in retaliation for plaintiff exercising his First Amendment rights, or plaintiff was denied due process during the disciplinary proceedings.

Plaintiff also references the parole board in his complaint. State prisoners may not challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (citations omitted); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Therefore, to the extent plaintiff may be attempting to obtain an earlier release date, he must bring those claims in a habeas petition. Plaintiff is advised that if he is attempting to challenge a denial by the parole board, the United States Supreme Court in 2011 overruled a line of Ninth Circuit precedent that had supported

5

-

1  habeas review of parole denials in California cases.  See Swarthout v. Cooke, 562 U.S. 216, 219
2  (2011).  The Supreme Court held that federal habeas jurisdiction does not extend to review of the
3  evidentiary basis for state parole decisions.  Id.  Because habeas relief is not available for errors
4  of state law, and because the Due Process Clause does not require correct application of
5  California's "some evidence" standard for denial of parole, federal courts may not intervene in
6  parole decisions as long as minimum procedural protections are provided.  Id. at 219-20.  The
7  protection afforded by the federal Due Process Clause to California parole decisions consists
8  solely of the "minimum" procedural requirements set forth in Greenholtz v. Inmates of Neb.
9  Penal & Corr. Complex, 442 U.S. 1 (1979).  Swarthout, 562 U.S. at 220.  Specifically, that
10 petitioner was provided with "an opportunity to be heard and . . . a statement of the reasons why
11 parole was denied."  Id.  "[T]he beginning and the end of the federal habeas courts' inquiry" is
12 whether petitioner received "the minimum procedures adequate for due-process protection."  Id.
13 The Ninth Circuit has acknowledged that after Swarthout, substantive challenges to parole
14 decisions are not cognizable in habeas.  Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011).

      B.     Leave to Amend

16 If plaintiff chooses to file a first amended complaint, he must demonstrate how the
17 conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo
18 v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how
19 each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th
20 Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link
21 or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy,
22 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official
23 participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266,
24 268 (9th Cir. 1982) (citations omitted).

25 Plaintiff is also informed that the court cannot refer to a prior pleading in order to make
26 his first amended complaint complete.  Local Rule 220 requires that an amended complaint be
27 complete in itself without reference to any prior pleading.  This is because, as a general rule, an
28 amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 929 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### IV.     Request for Appointment of Counsel

Plaintiff has also requested appointment of counsel.  ECF No. 8.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'"  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  At this stage, the court is unable to determine if plaintiff has a cognizable claim and his request for counsel will therefore be denied without prejudice at this time.

### V.     Summary

Plaintiff's request to proceed in forma pauperis is granted.

Plaintiff's request for counsel is denied because the court cannot tell if plaintiff has a valid claim for relief.

The complaint is dismissed with leave to amend because the court cannot understand what plaintiff is claiming.  The amended complaint needs to identify the defendants and explain

specifically what each defendant did or did not do.  Plaintiff cannot just tell the court to look at his grievances.  If plaintiff chooses to amend his complaint, the first amended complaint must include all of the claims plaintiff wants to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint.  In other words, any claims not in the first amended complaint will not be considered.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Plaintiff must file an original and two copies of the amended complaint.  Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

6. Plaintiff's motion for the appointment of counsel (ECF No. 8) is denied without prejudice.

DATED: April 27, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE