UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WONDIYRAD KABEDE,<br><br>   Plaintiff,<br><br>   v.<br><br>DIRECTOR'S LEVEL CHIEF OF INMATE APPEALS, et al.,,<br><br>   Defendants. | No. 2:15-cv-1203 DB P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of a magistrate judge. (ECF No. 3.) His first amended complaint is before the court for screening.

**I.   Screening Requirement**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.   Pleading Standard**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp.

1

Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

**III.     Plaintiff's Allegations**

Plaintiff brings this suit against a number of defendants for conduct that occurred while he was housed at Ironwood State Prison in Blythe, California[1]: Correctional Counselor B. Friend, Sergeant W. Griffith, Appeals Coordinators K. Chambers and W. McCullough, Chief of the Director's Level Appeals R.L. Briggs, and California Department of Corrections and Rehabilitation ("CDCR") Secretary Jeffrey Beard.

Plaintiff's allegations may be fairly summarized as follows:

Plaintiff alleges that during his first eight years of incarceration, he received no CDCR 115 Disciplinary Rule Violation Reports ("RVR"). After those eight years, he was transferred to San Quentin State Prison in San Quentin, California, where he received his first RVR. He was then transferred to New Folsom State Prison in Folsom, California, where he received 11 RVRs,

---

[1] Plaintiff is presently housed at Mule Creek State Prison in Ione, California.

1  and then transferred to Pelican Bay State Prison in Crescent City, California, where he received
2  another 11 RVRs. Each of these RVRs was written within a 30-day period upon arrival at the new
3  institution.
4      Plaintiff claims these RVRs were issued "to jack-up my classification score point to keep
5  me at maximum security to get me killed." He also claims he was housed with a mentally ill
6  inmate at Pelican Bay State Prison "to get me raped and killed several times…." The amended
7  complaint suggests that some of the RVRs that he received are related to his refusal to accept cell
8  mates "to protect [his] life." Finally, plaintiff accuses "someone from parole board" of ordering
9  "underground to give me CDC 115 Rule Violation to deny me hearing and parole."
10      Plaintiff's amended complaint does not address the defendants' involvement in the
11  violation of his rights. Rather, this pleading references attachments to his original complaint,
12  which provide context for the involvement of the named defendants. These attachments include
13  an allegedly false RVR filed by defendant B. Friend at Ironwood State Prison accusing plaintiff
14  of entering her office without permission. The attachments also include (a) a grievance filed by
15  plaintiff concerning the RVR, (b) the responses to that grievance by Ironwood State Prison
16  employees and defendants in this case, Chambers and McCullough, and (c) the notes of the
17  Ironwood State Prison hearing on the RVR where defendant Griffith served as the hearing officer.
18      Plaintiff states he is not seeking money damages, but it is unclear what relief he does seek.
19  **IV.**    **Discussion**
20      The federal venue statute provides that a civil action "may be brought in (1) a judicial
21  district in which any defendant resides, if all defendants are residents of the State in which the
22  district is located, (2) a judicial district in which a substantial part of the events or omissions
23  giving rise to the claim occurred, or a substantial part of property that is the subject of the action
24  is situated, or (3) if there is no district in which an action may otherwise be brought as provided in
25  this action, any judicial district in which any defendant is subject to the court's personal
26  jurisdiction with respect to such action." 28 U.S.C. § 1391(b).
27      In this case, the specific claim underlying plaintiff's complaint arose at Ironwood State
28  Prison in Blythe, California. This institution is located in Riverside County, which is in the

Central District of California. Therefore, plaintiff's claim should have been filed in the United States District Court for the Central District of California. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

**V.     Conclusion**

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Central District of California.

Dated: March 27, 2017

/DLB7;
Inbox/Substantive/kabe1203.transfer

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE